UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:25-cr-308-VMC-TGW

RICARDO RAMOS

_____/

**ORDER**

This matter is before the Court on the Third-Party Petition of Kristen M. Ramos, filed on December 12, 2025. (Doc. # 31). On January 9, 2026, the Government responded to the Petition. (Doc. # 46). For the reasons set forth below, the Petition is denied.

**I.   Procedural Background**

On June 24, 2025, Defendant Ricardo Ramos was charged with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Doc. # 1). He pled guilty to the charge on July 18, 2025 (Doc. ## 13, 14), and the Court adjudicated him guilty on July 22, 2025. (Doc. # 16).

On August 7, 2025, upon the Government's motion and pursuant to 18 U.S.C. § 982(a)(1), the Court entered an Order of Forfeiture against Defendant Ricardo Ramos in the amount

1

of $169,150. (Doc. # 19). In that Order, the Court stated that the Government may seek, as a substitute asset pursuant to 21 U.S.C. § 853(p), forfeiture of any of Defendant Ricardo Ramos's property up to the value of $169,150. (Id.).

On November 7, 2025, the Government moved for a preliminary order of forfeiture of substitute asset as to the real property located at 7739 Bingham Court, Odessa, Florida 33556 (the "Real Property"). (Doc. # 28). In its motion, the Government acknowledges that the Real Property is titled to Ricardo Ramos and Kristen Ramos, and states that the Government is only seeking to forfeit Defendant Ricardo Ramos's one-half interest in the Real Property. (Id. at 1, n.1). On November 24, 2025, the Court granted the Government's motion and entered a Preliminary Order of Forfeiture for Substitute Asset as to the Real Property. (Doc. # 29).

On December 12, 2025, Kristen M. Ramos filed a Third-Party Petition pursuant to 21 U.S.C. § 853(n), challenging the Preliminary Order of Forfeiture for Substitute Asset as to her interest in the Real Property. (Doc. # 31). Ms. Ramos also filed a Motion to Stay, requesting the Court to stay any forfeiture of the Real Property pending the resolution of her Third-Party Petition. (Doc. # 32). On December 31, 2025, the

2

Court denied Ms. Ramos's Motion to Stay, reasoning that there is no present risk of irreparable harm to justify a stay. (Doc. # 38 at 3-4). As such, only the Third-Party Petition remains currently pending before the Court.

In her Petition, Ms. Ramos states that she co-owns the Real Property with Defendant Ricardo Ramos as a tenant by the entirety under Florida law, and that her ownership existed before any alleged criminal conduct. (Id. at 1). Specifically, Ms. Ramos states she was added to the Real Property's deed in 2018, while legally married to Defendant Ricardo Ramos, and that the title is held as "Ricardo Ramos and Kristen M. Ramos, husband and wife." (Id.). Further, she contends that she did not participate in, benefit from, or assist in any wrongdoing, and that she is therefore an innocent owner within the meaning of 21 U.S.C. § 853(n)(6)(A). (Id. at 2).

Accordingly, Ms. Ramos's Petition requests that the Court (1) recognize her ownership interest in the Real Property, (2) exclude the Real Property from the Preliminary Order of Forfeiture, (3) prevent forfeiture of her interest, and (4) allow her to continue residing in her home.

## II. Analysis

Under Florida law, real property that is titled in both a husband and wife's name is presumed to be held as a tenancy by the entirety. See Losey v. Losey, 221 So.2d 417, 418 (Fla. 1969). "Thus, '[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.'" Beal Bank v. Almand and Associates, 780 So.2d 45, 54 (Fla. 2001) (citation omitted).

Here, Ms. Ramos states that she and Defendant Ricardo Ramos took title to the Real Property as "husband and wife." (Doc. # 31 at 1). The record does not reflect that there was any express language showing that the creation of a tenancy by the entirety was not intended. In addition, the Government does not contest Ms. Ramos's interest in the Real Property as a tenant in the entirety. (Doc. # 46 at 3) ("As a result, the United States accepts that the Real Property was held by Petitioner and defendant in a tenancy by the entirety.").

The Court recognizes that Ms. Ramos has an interest in the Real Property as a tenant by the entirety.

Nonetheless, Ms. Ramos's interest in the Real Property does not serve as a basis to entirely exclude the Real Property from the Preliminary Order of Forfeiture. First, Ms.

4

Ramos cannot establish that her interest in the Real Property is superior to Defendant Ricardo Ramos's forfeited interest. Indeed, "[t]he very nature of the tenancy by the entireties prevents [a petitioner] from claiming that her title is superior to her husband's." U.S. v. Kennedy, 201 F.3d 1324, 1331 (11th Cir. 2000) (finding that spouse cannot prevail under section 853(n)(6)(A) where spouse held property in tenancy by the entirety at the time of acts giving rise to the forfeiture). Second, the Eleventh Circuit has held "that where the forfeiture of substitute property is concerned, 21 U.S.C. § 853(p) preempts Florida's . . . tenancy by the entireties laws." United States v. Fleet, 498 F.3d 1225, 1232 (11th Cir. 2007). In doing so, the Eleventh Circuit affirmed the district court's order that the "defendant's indivisible one-half interest in the marital property is subject to forfeiture as a substitute asset under § 853(p)." Id. at 1227.

The Court will not exclude the Real Property from the Preliminary Order of Forfeiture. The Government is entitled to forfeit Defendant Ricardo Ramos's indivisible one-half interest in the Real Property in satisfaction of the Order of Forfeiture, regardless of Ms. Ramos's interest as a tenant by the entirety.

5

The Court notes that Ms. Ramos's interest in the Real Property is not at risk of forfeiture. See U.S. v. Gilbert, 244 F.3d 888, 919 (11th Cir. 2001) (*in personam* forfeiture reaches only that property, or portion thereof, owned by the defendant, because "the property itself is not forfeited; rather, the defendant's interest in the property is forfeited."). Indeed, the Government represents that it recognizes Ms. Ramos's interest in the Real Property and that it is not seeking to forfeit her interest. (Doc. # 46 at 4). The Government also represents that it intends to propose settlement terms to Ms. Ramos, such that she will have an opportunity to take full title to the Real Property in exchange for the payment of funds equal to one-half of the appraised fair market value of the Real Property. (Id.). Such settlement terms would allow Ms. Ramos to continue residing in the Real Property. The Government further represents that, if Ms. Ramos does not agree to the settlement terms, the Government will move the Court to order that the net proceeds from the sale of the Real Property be split evenly with Ms. Ramos. (Id.).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Kristen M. Ramos's Third-Party Petition (Doc. # 31) is denied as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of January, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE